FARMERS' HANDY WAGON CO. v. BEAVER SILO & BOX MFG. CO.

(District Court, E. D. Wisconsin. October 16, 1914.)

PATENTS ☞328—VALIDITY—IMPROVEMENT IN SILOS.

   The McClure patent, No. 814,067, for an improvement in silos, which relates to a door frame for a continuous silo opening, *held* void, on the ground that the construction shown discloses no inventive difference from, but is substantially identical with, the structure of the Crosby patent, No. 792,969, which was pending in the Patent Office at the same time on an earlier application, and was first issued.

In Equity. Suit by the Farmers' Handy Wagon Company against the Beaver Silo & Box Manufacturing Company. On final hearing. Decree for defendant.

Wallace R. Lane and George Mankle, both of Chicago, Ill., for complainant.

John E. Stryker, of St. Paul, Minn. (George B. Swan, of Beaver Dam, Wis., on the brief), for defendant.

GEIGER, District Judge. The suit is brought to restrain unfair competition, and infringement of letters patent No. 814,067, granted March 6, 1906, to McClure, for an "improvement in silos." If the patent is valid, it has been infringed by defendant.

The court recently (Ryder et al. v. Beaver Silo Mfg. Co., 219 Fed. 242), considered and sustained the Harder patent, No. 627,732, granted June 27, 1899. The present suit—the complainant herein being not only owner of the McClure, but also licensee under the Harder, patents—discloses considerable development in silo construction in the seven years intervening the date of the two patents. In the Harder suit, much stress was laid upon the impetus given by that invention

to "factory" silo building—its solution of the problem of economical and easy construction of silos which successfully withstand the strains of wind and weather to which such structures are subject—all in support of the claim that the patentee had, in his discovery of the re-inforced continuous door opening, exercised the inventive faculty. The patent was sustained, as was also the contention that its claims should receive a liberal interpretation.

The present complainant urges, in support of the McClure patent, many of the considerations pressed in the Harder suit; and while the latter patent was accorded a liberal interpretation in successive tests in litigation (Ryder v. Schlicter [C. C.] 121 Fed. 198; Id., 126 Fed. 487, 61 C. C. A. 469; Ryder v. Townsend [C. C.] 188 Fed. 792; Ryder v. Lacey [D. C.] 200 Fed. 966), there is nevertheless good ground for the conviction that the inventor had not entered a large field.

The claims of the McClure patent are:

1. A frame for silo openings, comprising in combination a pair of upright bars of L-section, each bar being arranged with one of its members flush with the face of the adjacent silo staves; a plurality of transverse bars spanning the silo opening and rigidly secured to said upright bars, the ends of said transverse bars projecting beyond said upright bars, together with hoops encircling the silo and overlying the ends of said bars to hold them in contact with the silo staves, substantially as described.

2. The combination, with the staves of a silo, of a metallic door frame therefor relative to which frame the staves are erected, said frame comprising a pair of continuous angle irons, one flange of each of which abuts the end staves of the silo, the remaining flange of which projects over the opening in the silo, to form seats or guides for the doors, and braces extending between the angle irons and superposed upon the outer faces thereof, the ends of the braces overlying the end staves of the silo and separate means for securing the braces to the outer faces of the angle irons and to the end staves.

3. In a silo provided with a continuous opening, the combination of a door frame comprising a pair of vertical angle irons lining the walls of the opening from end to end, one flange of each of the angle irons abutting the wall and the remaining flange overlapping the opening to form seats for the doors, braces connecting the angle irons, and braces applied to the outer faces of the angle irons and overlapping that portion of the silo adjacent the frame, and separate means for securing the braces to the angle irons and to the silo respectively.

The invention is stated to be "an improvement in silos," and relates more particularly to an independent rigid door frame construction for the vertical opening of the silo, and its objects, "to produce for silo doors a frame that can be quickly and readily assembled without the aid of skilled labor, that will serve as a gauge or guide for setting up the silo, and will form a secure support for the silo doors and provide a support for the silo hoops."

Upon the trial the case narrowed down to a consideration of the patent in suit in the light of patents to Crosby and to Haag, copending in the Patent Office prior to the date of the former's issue. The dates of application and issue respectively are:

| Patentee. | Application. | Issue. |
|---|---|---|
| McClure 814,067 | April 27, 1904. | March 6, 1906. |
| Crosby 792,969 | April 13, 1904. | June 20, 1905. |
| Haag 802,391 | February 8, 1904. | October 24, 1905. |

It is conceded that, in view of the dates, the Crosby and Haag inventions—if such they be—were not in the prior art to be claimed as anticipatory of McClure; but, under the answer here the status of McClure as the first and original inventor is challenged, and thereunder it is urged that the McClure invention is substantially identical (within the rules for testing identity) with the Crosby invention, and this necessitates some consideration, as well, of the Haag invention.

Now, without setting forth the claims of the Crosby patent, it will suffice to say that each of these structures is an iron frame for the "continuous opening" of a silo. While complainant urges that McClure's particular improvement consists of an "independent rigid door frame," the feature of "independence" is certainly not novel. Indeed, that feature was, in substance, claimed in behalf of Harder—that is to say, in support of the latter's claim of novelty and invention. It was strongly urged that his structure was a great step in the art of silo building, because it provided an integral opening having continuity from top to bottom of the silo, with the requisite strength to resist the strains peculiar to a circular silo. It initiated, and made possible, so it was claimed, the present era of the "factory silo."

Assuming that McClure made advances over the Harder and other silo structures disclosed in patents issued in the interim, which are to be accredited as inventions, the facts here show that copending with his application was that of Crosby, whose structure differs in two particulars only: (1) The former uses for his uprights, which constitute the sides of the door frames, L-shaped or ordinary angle bars, the latter a Z-bar. (2) The cross-bars of the former extend beyond the upright angle bars to the adjacent silo stave, to which they are fastened by bolt or screw—this being claimed as an element in the combination structure; whereas, Crosby extends his cross-bars to his upright Z-bars, to whose inwardly projecting flange they are fastened by rabbeting and bolting. It may be noted that the feature of extending the cross-bars to the adjacent staves is found in the copending Haag patent; and while it may not be permissible to make a comparison of the McClure with the combined Crosby and Haag structures, the question is whether the structural differences are such as disclose radically different inventive acts, or merely the carrying out of the same purpose through a selection of different mechanical expedients. Certainly the use of an L instead of a Z bar involves no more than choice between well-known means, and to my mind makes a difference which, structurally and functionally, is not substantial; and if the case rested upon that alone, it would be one of substantial identity.

Does the second feature above noted—the extension and fastening of the cross-bars beyond the uprights and to the adjacent stave—save the McClure structure from the charge of identity with Crosby? In other words, must the fact that that feature appears in the Haag patent, and is absent from the Crosby claim, preclude identification of the latter with McClure, wherein it is also found? I am inclined to test the situation in this way: If Crosby and McClure are alike in all respects excepting this one particular, and if the former were in the prior art, would the latter infringe, or would the former be anticipatory? I

should answer that McClure added an element which did not make a new combination; that, for the purpose of securing rigidity, the choice between the methods of fastening was one to be made by a capable structural iron mechanic, and not an inventive genius.

The fact that the copending status of the patents forbids their consideration as anticipatory or prior art patents does not, upon an issue of substantial identity, forbid using some of the tests of infringement or anticipation; nor does it forbid considering which of the elements of the claims of the several copending patents are or are not elements of a true combination.

"It is not necessary," said Judge Lacombe, in discussing the basis upon which structures shown in copending patents are to be compared, "to go into details of mechanism. The substantial invention of each patent is the invention set forth in the claims when such claims are construed in the light of the specifications." Electric Co. v. Transit Co., 198 Fed. 94, 117 C. C. A. 280.

In the case before us, while it is not possible to take the claims or structure of one, and conclude, upon comparison, that the claims or structure of the other are exact copies, still the invention disclosed in each is that of an "independent" silo door frame—differing from one another in the two particulars only. The one patentee can well assert that the end sought to be attained, required, in his judgment, the use of an L-bar; the other, the use of a Z-bar. The former believed greater rigidity best attained by the extension and fastening of the cross-bars to the adjacent stave; the other, by using a T-flange cross-bar fastened by bolting and rabbeting to the upright. Neither can claim to have discovered that which introduces into his combination an element substantially different from the others.

It is my judgment that, upon a fair application of the rule above noted, the Crosby and McClure structures are substantially identical, and that the defendant must prevail upon its defense.

A decree dismissing the complaint may be entered.